## Roan v. Carl.

*Equity—Certificate to law side of court—Ejectment—Act of June 7, 1907.*

A suit in equity will not be certified to the law side of the court under the Act of June 7, 1907, P. L. 440, on the ground that the suit involves title to real estate, where the record of a previous ejectment between the same parties shows that title to the same land was definitely determined in the ejectment, and it appears that the equity suit was brought to enforce a right established by the verdict in the ejectment suit.

Motion to certify case to the law side of the court. C. P. Columbia Co., Sept. T., 1923, No. 3, in Equity.

*H. Mont. Smith,* for plaintiff; *E. J. Mullen,* for defendant.

Potter, P. J., 17th judicial district, specially presiding, Nov. 14, 1923.—This is a motion, made by the defendant, to certify the matters at issue in this case to the law side of this court under the provisions of the Act of June 7, 1907, P. L. 440, for the reason that the title to land will come into question, and that the rights claimed by, and sought to be enforced by, the plaintiff are not as a matter of right established.

An action in ejectment was brought by Joseph B. Carl, the defendant in this case, as plaintiff, against Clark Roan, the plaintiff in this case, as defendant, for the recovery of a small strip of land between their respective residences, in Bloomsburg, as of No. 50, February Term, 1916, which was duly tried at September Term, 1921, resulting in a verdict, on Sept. 29, 1921, for the defendant, Clark Roan, the plaintiff in the case at bar, upon which judgment was duly entered. The jury decided that the strip of land in controversy belonged to the defendant, Clark Roan.

We gather from the files in that case that Joseph B. Carl had erected a fence upon the strip of land in dispute as a line fence, which, according to his contention, would throw the disputed strip into his lot. It also seems that the eaves of his house overhung a part of this disputed strip of land. But by the verdict of the jury this said strip of land is owned by Clark Roan. Therefore, the said fence built by Carl is upon, and the eaves of his house overhang, Roan's land.

Roan has, since the rendition of the said verdict in his favor, notified Carl to remove his fence and eaves from his land, which Carl refuses to do. This bill is, therefore, brought to compel Carl to remove the said obstructions, as well as to prevent him from interfering with Roan's peaceable enjoyment of his land.

4 D. & C.

Roan v. Carl.

Carl claims the land covered by the eaves of his roof as that on which stands his fence was not included in the ejectment suit, and that this bill in equity opens a new question as to the title to land, and that this question must first be determined by an action on the law side of this court.

There can be no doubt of the legality of Carl's contention, if it is borne out by the facts. Equity will lie only for the enforcement of a right that is established. The books are full of decisions of the appellate courts upholding this proposition, and the principle is so familiar that none need be cited.

We have very carefully gone over all the papers and files in the ejectment suit, and we have carefully and with considerable interest read over the evidence produced on the trial of that case, from which we feel very certain that the strip of land involved in the ejectment case is identical with the strip of land involved in the equity case at bar. We have not the least doubt about it. And the question of its ownership having been once for all settled in the ejectment suit, there is no question of title involved in this equity suit, and the respective rights of the parties hereto have been definitely established.

This action is brought to enforce a right established by the verdict in the ejectment suit, which the plaintiff in this case has a legal right to do.

Counsel for the defendant has cited us to the case of McCafferty v. McCafferty, 3 D. & C. 100, wherein we recently certified that case to the law side of the court; but in that case there had been no legal adjudication of the rights of the respective parties. In the case at bar there has been, which renders the two unlike. We must, therefore, dismiss the motion.

And now, to wit, Nov. 14, 1923, the motion to certify this case to the law side of this court is dismissed.

From R. S. Hemingway, Bloomsburg, Pa.